## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **GARAGESOCIAL, INC.** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **Civil Action No. 24-13187** |
| | ) |
| **THE HAGERTY GROUP, LLC** | ) **Trial by Jury Demanded** |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## COMPLAINT

Plaintiff, Garagesocial, Inc. ("Plaintiff"), brings this Complaint against the Defendant, The Hagerty Group, LLC ("Hagerty" and "Defendant") for injunctive relief and damages under the laws of the United States and the Commonwealth of Massachusetts.

## NATURE OF ACTION

This action arises from violations of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), as well as Massachusetts statutory and common law violations.

## JURISDICTION AND VENUE

1. This action arises under the trademark laws of the United States, 15 U.S.C. § 1051, et seq., particularly under 15 U.S.C. §§ 1114 and 1125, as well as Massachusetts statutory and common law.

2. This Court has jurisdiction over the Federal Claims under 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. §§ 1116, 1121, and 1125. This Court has supplemental jurisdiction over the

state law claims under 28 U.S.C. §§ 1367(a) and 1338(b), those claims being joined with a substantial and related claim under the trademark laws of the United States and are linked to the federal claims such that they form part of the same case, or controversy and derive from a common nucleus of operative facts.

3. This Court has personal jurisdiction over Defendant because Defendant operates a business infringing upon Plaintiff's trademark rights in this judicial district. Further, on information and belief, the Defendant has engaged in and directed tortious acts towards the Plaintiffs in this judicial district. The Defendant's Tortious acts have resulted in ongoing harm, where the Defendants knew or should have known its acts had caused and continue to cause injury to the Plaintiffs in this judicial district.

4. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1391(d) because Defendant operates a business that is infringing on Plaintiff's trademark rights within this judicial district, a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendant is otherwise subject to the Court's personal jurisdiction concerning this action.

## THE PARTIES

5. The Plaintiff, Garagesocial, Inc. ("Garagesocial"), is a Delaware Corporation with its principal place of business located at 399 Boylston Street, Floor 6, Boston, MA 02116 USA.

6. The Defendant, The Hagerty Group, LLC ("Hagerty"), is a Delaware limited liability company with its principal place of business located at 141 River's Edge Drive, Suite 200, Traverse City, Michigan, United States 49684.

## FACTUAL ALLEGATIONS

**Plaintiff's Trademark Rights**

7.  Plaintiff has established a well-known and successful online car enthusiast community. Plaintiff offers a broad spectrum of social networking services (the "Services") for car enthusiasts throughout the United States via its website https://home.garagesocial.com/. (the "Website").

8.  The Defendant is a large insurance company that owns, operates, and controls www.garageandsocial.com (the "Infringing Website"). The Defendant's website provides membership to its customers, including events for car enthusiasts and garage storage rentals.

9.  For over a decade, through the Plaintiff and its predecessors in interest, the Website and the Services have been consistently and extensively advertised, promoted, offered, and used in connection with the GARAGESOCIAL trademark (the "GARAGESOCIAL Trademark"), evidenced by its website, located at https://home.garagesocial.com/. The GARAGESOCIAL Trademark is collectively referred to as (the "Mark").

10. Plaintiff is the owner of U.S. Trademark Registration No. 4,898,901 for the Mark, covering a variety of goods and services, which include providing an online forum for users to share vehicle-related information, along with a social media website for automobile enthusiasts, with dates of first use beginning in 2013. True and correct copies of the official Certificates of Registration are attached as **Exhibit B**.

11. Plaintiff has acquired protectable common law rights in and to the Marks in addition to its registered trademark rights because the Plaintiff's substantial, exclusive, and continuous use and promotion of the Website and the Services under the Marks yield such protections and rights.

3

12. Beginning in 2013, through such continuous and exclusive use, the Plaintiff's users have come to associate the Marks and the Services as a single and unique place, fostering an automotive enthusiast community centered around the Mark. As such, the Marks have accrued significant value, trust, and goodwill within the automotive enthusiast community. See images utilizing the Mark on the Website in **Exhibit A**.

## **Defendants' Infringing Business and Harmful Acts**

13. In March 2020, the Defendants filed for the trademark "HAGERTY GARAGE + SOCIAL" with the United States Patent and Trademark Office (USPTO) to use in connection with the Infringing Website.

14. Defendant is the owner of the contestable U.S. Trademark Registration No. 6,487,271 for the mark "HAGERTY GARAGE + SOCIAL," for goods and services which include IC 035: Club services, namely, promoting the interests of motor vehicle collectors and IC 039: Providing vehicle storage facilities, namely, providing vehicle parking space and vehicle storage space. The defendant alleges the date of first use began on March 05, 2020. True and correct copies of the official Certificates of Registration are attached as **Exhibit C**.

15. The Infringing Website, owned and operated by the Defendant, is www.GarageandSocial.com.

16. The Defendants advertise, market, promote, provide, and otherwise offer online automotive enthusiast-related services (the "Infringing Services") under the identical and nearly identical marks, "HAGERTY GARAGE + SOCIAL" (the "Infringing Mark," See **Exhibit A**) with their confusingly similar website GarageandSocial.com, ("GarageandSocial.com").

17. The Defendants advertise and market the Infringing Marks in connection with the Infringing Services on https://www.garageandsocial.com/ and social media sites like Facebook and Instagram.

18. The similarity of the Defendant's Infringing Marks, Infringing Website, and Infringing services (i.e., "HAGERTY GARAGE + SOCIAL," "GarageandSocial.com") to the Plaintiff's Mark and Services mislead, deceive, and confuse both suspecting and unsuspecting customers, by creating a false association that Defendants' services are affiliated with, approved by, and licensed from Plaintiff.

19. The Plaintiff possesses senior-in-time trademark rights that have priority over the Defendants' Infringing Marks. The Defendants started using the Infringing Marks in connection with the Infringing Services on or around March 05, 2020, where the Plaintiff's use of the GARAGE SOCIAL Mark began 11 years prior, starting in 2013, and became fully utilized in 2014.

20. The Defendants' mirrored utilization of the Infringing Marks and Infringing Services is a willful and intentional attempt to trade on and exploit the goodwill and commercial success that the Plaintiff has built up in the Marks and their corollary registrations. This utilization by the Defendants is an attempt to overtake the Plaintiff's success as a preeminent and well-known car enthusiast provider and online community.

21. The Defendants' identical and nearly identical use of the Plaintiff's Marks in connection with their Infringing Services has created a false impression of affiliation between the Marks and the Infringing Marks amongst users. This has caused actual confusion and is likely to continue to cause actual confusion and false affiliation before, during, and after the time of purchase because consumers, prospective consumers, and others viewing

Defendants' Infringing Services during preliminary research, the point of sale, or any point in the ordinary channels of trade and commerce, are likely to confuse Plaintiff's Marks and registrations with Defendants' Infringing Marks concerning source, affiliation, association, and sponsorship.

22. For instance, given the close similarity between Plaintiff and Defendants' businesses, consumers who attempt to patronize "HAGERTY GARAGE + SOCIAL," upon information and belief, inquire about the suspected association between the two entities. Further, Defendant's insurance business customers regularly inquire with Plaintiff, through their website, regarding the status of their insurance coverage, among other misplaced inquiries. These customers have even gone so far as to send personally identifying information to Plaintiff under the mistaken belief that they are associated with their insurance company.

23. Based on information and belief, consumers are likely to continue to be confused about the source of the respective parties' offerings and the affiliation between the Plaintiffs and Defendants.

24. By causing actual confusion and continuing to cause a likelihood of further confusion, mistake, and deception, and because Plaintiff cannot control the quality of the services offered by Defendants, Plaintiff is in danger of irreparable harm to the goodwill symbolized by the Marks, their registrations, and the reputation for quality that they embody.

## COUNT I

## TRADEMARK INFRINGEMENT UNDER SECTION 32(a)(1) OF THE LANHAM ACT
(15 U.S.C. § 1114(1)(a))

25. Plaintiff repeats, re-alleges, and incorporates all Paragraphs above as though fully outlined in this cause of action.

26. As stated above, Plaintiff has valid and protectable registered rights in the GARAGESOCIAL Trademark that pre-dates Defendants' use of the mark HAGERTY GARAGE + SOCIAL in connection services including but not limited to social clubs related to cars, an online social community related to cars and car enthusiasts, car events, social networking in the area of automobiles, and online forums for users to share vehicle-related information.

27. Without Plaintiff's consent, the Defendants have used, exploited, and continue to use, and are likely to continue to use in commerce, the Infringing Marks in connection with the Infringing Services and Infringing Website. Defendant's usage is, at a minimum, a colorable imitation of Plaintiff's Marks and Services and is likely to cause confusion or to cause mistake as to the source, affiliation, or sponsorship of Defendants' services or to deceive consumers in violation of Section 32(a)(1) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

28. Upon information and belief, the Defendants had at least constructive, if not actual, knowledge of the Plaintiff's ownership and prior use of the Marks. As a direct and proximate result of Defendant's actions alleged above, Plaintiff has been damaged and will continue to be damaged, including, but not limited to, actual harm to its name, reputation, and goodwill.

29. Defendants' Infringing Marks are nearly identical to the Marks. Defendants' Infringing Services are identical, substantially similar, and highly related to the services set forth in Plaintiff's trademark registrations.

30. Defendants' use in commerce of the Infringing Marks in connection with the Infringing Services is likely to cause confusion or mistake or to deceive consumers of the Infringing Services and Plaintiff's services to erroneously believe that the Infringing Services originate from the same source as Plaintiff's services, or are otherwise affiliated, connected, or associated with Plaintiff, or sponsored or approved by Plaintiff, when in fact they are not.

31. On information and belief, Defendants have knowingly, willfully, and intentionally infringed on Plaintiff's trademark rights by deliberately exploiting the substantial goodwill associated with Plaintiff's trademark registrations.

32. Upon information and belief, Defendants selected the Infringing marks with the willful intent to cause customer confusion and to deceive customers into believing that Defendants' Infringing Services are actually Plaintiff's services or are associated therewith.

33. The plaintiff has no adequate remedy at law. Defendants' conduct as alleged herein has caused, and if not enjoined, will continue to cause irreparable harm to Plaintiff's rights in the Marks and its registrations, and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time but will be proven at trial.

## COUNT II

## TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION
(15 U.S.C. § 1125(a))

34. Plaintiff repeats, re-alleges, and incorporates all Paragraphs above as though fully set forth in this cause of action.

35. Plaintiff owns exclusive, common-law rights in and to the Marks for use in connection with the Services because the Marks have acquired distinctiveness as indicators of a single source for the Services or anything related thereto, prior to Defendants' use of the Infringing Marks in connection with the Infringing Services. At all times relevant to this lawsuit, consumers in Plaintiff's industry have associated the Marks with Plaintiff and its reputation for creating its well-known and high-quality services.

36. Defendants' actions, as set forth above, thus constitute a false designation of source and origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37. Defendants' use in commerce of the Infringing Marks in connection with the Infringing Services is likely to create—and in fact has created—customer confusion and mistake and serves to deceive customers of Defendants' Infringing Services and Plaintiff's services to erroneously believe that Defendants' Infringing Services originate from the same source as Plaintiff's services, or are otherwise affiliated, connected, or associated with Plaintiff, or sponsored or endorsed by Plaintiff, when in fact they are not.

38. Because of and as a direct and proximate result of Defendants' false designation of source and origin, Defendants have caused damage to Plaintiff's business, reputation, and goodwill and have diverted business and sales from Plaintiff to Defendants. Plaintiff is entitled to recover Defendants' profits, damages suffered by Plaintiff, and the costs of the action.

39. Defendants' acts of false designation and source have been committed knowingly, willfully, deliberately, and maliciously with the intent to cause confusion and mistake and to deceive. Accordingly, Plaintiff is entitled to a judgment of three times its damages and Defendants' ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15

U.S.C. § 1117.

40. By reason of and as a direct and proximate result of Defendants' unlawful acts and practices, including those set forth above, Defendants have caused, are causing, and unless the Court enjoins such acts and practices, will continue to cause, immediate and irreparable harm to Plaintiff, for which there is no adequate remedy at law, and for which Plaintiff is entitled to injunctive relief.

## COUNT III

## TRADEMARK DILUTION
(15 U.S.C. § 1125(c))

41. Plaintiff repeats, re-alleges, and incorporates all Paragraphs above as though fully set forth in this cause of action.

42. The Marks are distinctive and famous and became famous long before Defendants commenced using the Infringing Marks.

43. Defendant's unauthorized use of the Marks is likely to cause dilution by blurring and dilution by tarnishment of the Marks in violation of 15 U.S.C. § 1125(c).

44. Based on information and belief, the Defendants' actions described above have always been willful and relevant to this action.

45. By reason of and as a direct and proximate result of Defendants' unlawful acts and practices, including those set forth above, Defendants have caused, are causing, and unless the Court enjoins such acts and practices, will continue to cause, immediate and irreparable harm to Plaintiff, for which there is no adequate remedy at law, and for which Plaintiff is entitled to injunctive relief.

## COUNT IV

## TRADEMARK DILUTION UNDER M.G.L. c. 110H, § 13
(M.G.L. c. 110H, § 13)

46. Plaintiff repeats, re-alleges, and incorporates all Paragraphs above as though fully set forth in this cause of action.

47. Defendants use, advertise, market, and otherwise offer services under the Infringing Marks in connection with Defendants' business that bears the Infringing Marks.

48. Defendant's unauthorized use of the Infringing Marks constitutes trademark infringement and dilution under M.G.L. c. 110H, § 13 and is likely to cause confusion, deception, and mistake among the consuming public regarding the source of, and authorization for, Defendants' Infringing Services sold and advertised by Defendants in violation of Massachusetts state law.

49. Defendant's unauthorized use of the Infringing Marks is likely to cause further injury to Plaintiff's business reputation and dilution of the distinctive quality of the Marks, in violation of M.G.L. c. 110H, § 13.

50. Based on information and belief, the Defendants' conduct as alleged herein has been undertaken willfully and maliciously and with full knowledge in conscious disregard of the Plaintiff's rights.

51. By reason of Defendants' acts alleged herein, Plaintiff has suffered monetary damages and loss of control of the goodwill associated with the Marks and to Plaintiff's business reputation and goodwill.

52. As well as harming the public, Defendants' conduct as alleged herein has caused and will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law, and is also causing damages to Plaintiff in an amount which cannot be accurately computed at this time but will be proven at trial.

53. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of trademark infringement joined with a substantial and related claim under the Trademark Laws of the United States and under 28 U.S.C. § 1367.

## **COUNT V**

## **TRADEMARK INFRINGEMENT IN VIOLATION OF MASSACHUSETTS COMMON LAW**

54. Plaintiff repeats, re-alleges, and incorporates all Paragraphs above as though fully set forth in this cause of action.

55. Defendants use, advertise, market, and otherwise offer services under the Infringing Marks in connection with Defendants' business that bears the Infringing Marks. Defendant's acts of infringement, imitation, deception, and misrepresentation were and are without Plaintiff's consent, constituting unauthorized use and infringement of Plaintiff's Marks.

56. The Defendant's unauthorized use of the Infringing Marks constitutes trademark infringement. It is likely to cause and has caused confusion, deception, and mistake among the consuming public regarding the source of, and authorization for, Defendants' Infringing Services sold and advertised by Defendants in violation of the common law of the Commonwealth of Massachusetts.

57. On information and belief, the Defendants' conduct as alleged herein has been undertaken willfully and maliciously and with full knowledge in conscious disregard of the Plaintiff's rights.

58. As well as harming the public, Defendants' conduct as alleged herein has caused and will continue to cause Plaintiff great detriment to its business, goodwill, and reputation, irreparable harm for which there is no adequate remedy at law, where there is and is also causing damage to Plaintiff in an amount which cannot be accurately computed at this time but will be proven at trial.

59. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of infringement joined with a substantial and related claim under the Trademark Laws of the United States and under 28 U.S.C. § 1367.

## COUNT VI

## UNFAIR COMPETITION IN VIOLATION OF MASSACHUSETTS COMMON LAW

60. Plaintiff repeats, re-alleges, and incorporates all Paragraphs above as though fully outlined in this cause of action.

61. Defendants use, advertise, market, and otherwise offer services under the Infringing Marks in connection with Defendants' business that bears the Infringing Marks.

62. By Defendants' conduct as alleged herein, Defendants have engaged and are engaging in unfair competition under the common law of the Commonwealth of Massachusetts.

63. Defendants' use in commerce of the Infringing Marks has caused or is likely to cause confusion, mistake, and to deceive the relevant public by suggesting that Defendants' Infringing Services are authorized, sponsored, approved by, or are affiliated with Plaintiff.

64. Based on information and belief, the Defendants' conduct as alleged herein has been

undertaken willfully and maliciously, with full knowledge of the Plaintiff's rights.

65. Defendant's use of the Infringing Marks has caused or is likely to cause confusion, mistake, and deception among the general public regarding the source of Defendants' Infringing Services. Hence, Defendants have unfairly profited from the actions alleged herein.

66. By reason of Defendants' acts alleged herein, Plaintiff has suffered monetary damages and loss of control of the goodwill associated with the Marks.

67. As well as harming the public, Defendants' conduct as alleged herein has caused and will continue to cause irreparable harm to Plaintiff for which there is no adequate remedy at law and is also causing damage to Plaintiff for which there is no adequate remedy at law and is also causing damage to Plaintiff in an amount that cannot be accurately computed at this time but will be proven at trial.

68. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of infringement joined with a substantial and related claim under the Trademark Laws of the United States and under 28 U.S.C. § 1367.

## COUNT VII

## UNFAIR TRADE PRACTICES UNDER M.G.L. c. 93A
(M.G.L. c. 93A)

69. Plaintiff repeats, re-alleges, and incorporates all Paragraphs above as though fully set forth in this cause of action.

70. Defendants' acts complained of herein were committed primarily and substantially in the Commonwealth of Massachusetts.

71. Defendants' aforementioned conduct constitutes an unfair method of competition and an unfair and deceptive act or practice in the conduct of trade or commerce, all in violation of M.G.L. c. 93A, §§ 2, 11.

72. Upon information and belief, the violations above of M.G.L. c. 93A was willful and knowing.

73. As well as harming the public, Defendants' conduct as alleged herein has caused. It will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law and is also causing damage to Plaintiff in an amount which cannot be accurately computed at this time but will be proven at trial.

74. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of infringement joined with a substantial and related claim under the Trademark Laws of the United States and under 28 U.S.C. § 1367.

## **PRAYER FOR RELIEF**

A.     WHEREFORE, Plaintiff prays that this Court enter judgment in its favor against Defendants as follows:

B.     That the Court enter a finding that Defendants of the Infringing Marks use infringes upon Plaintiff's rights in the Marks and their registrations.

C.     That the Court enter a preliminary injunction and a permanent injunction prohibiting Defendants, as well as their officers, directors, predecessors, successors, agents, employees, representatives, and all persons, corporations, or other entities acting in concert or participation with Defendants from:

     i.     Using the Infringing Marks in connection with any of Defendants' Infringing

Services and Plaintiff's services, and goods and services related hereto, in Massachusetts and throughout the United States;

ii.   Infringing any of Plaintiff's intellectual property rights in its Marks;

iii.  Infringing any of Plaintiff's intellectual property rights in the trademark registrations;

iv.  Engaging in any conduct that tends falsely to represent or is likely to confuse, mislead, or deceive members of the public to believe that the actions of Defendants or any of their officers, directors, predecessors, successors, agents, employees, representatives, and all persons, corporations, or other entities acting in concert or participation with Defendants are sponsored, approved, or licensed by Plaintiff, or are in any way connected or affiliated with Plaintiff;

v.   Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and offering for sale or other use of any goods or services, a false description of representation, including words or other symbols, tending to falsely describe or represent such goods or services as being those of Plaintiff, including without limitation, the Marks and their corollary registrations;

vi.  Otherwise unfairly competing with Plaintiff in any manner; and

vii. Effecting assignments or transfers, forming new entities or associations, or utilizing any other device to circumvent or otherwise avoid the prohibitions set forth in subparagraphs (i)-(vii) above.

D.      That the Court enter a finding that Defendants' actions were willful, deliberate, and malicious;

E.      The Court should enter an order requiring the Defendants to issue a formal public

retraction and engage in corrective advertising to rectify their improper use of the Marks.

F.    That Defendants be required to serve on Plaintiff within thirty (30) days after the issuance of any injunction a written report under oath setting forth in detail the manner and form in which Defendants have complied with this injunction.

G.    That the Court award Plaintiff damages in accordance with applicable law, including without limitation three times the amount of any profits realized by Defendants from the use of the Infringing Marks in accordance with 15 U.S.C. § 1117(a);

H.    That the Court award punitive damages in an amount sufficient to punish and deter Defendants;

I.    That the Court finds that this is an exceptional case and awards Plaintiff its reasonable attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(a) and Massachusetts law;

J.    That the Court award Plaintiff pre-judgment and post-judgment interest on any damage award;

K.    That the Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof; and

L.    For such other and further relief as the Court may deem just and equitable.


## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,


/s/ *Matthew J. Kidd*
Matthew J. Kidd
(BBO# 691951)
Law Office of Matthew J. Kidd
12 Ericsson Street, Suite 201
Boston, MA 02122
Tel: (617) 780-6537
attorneymjkidd@gmail.com

Daniel J. Larson
(BBO# 699104)
Larson Law
12 Ericsson Street, Suite 201
Boston, MA 02122
dan@dlarsonlaw.com
Tel: 617-932-6169
Fax: 413-423-4346

Dated: December 26, 2024

**EXHIBIT A**

**Plaintiff's Website**



**Defendant's Infringing Website**



**EXHIBIT B**



# United States of America
## United States Patent and Trademark Office

# GARAGESOCIAL

**Reg. No. 4,898,901**
**Registered Feb. 9, 2016**
**Int. Cls.: 38 and 42**

**SERVICE MARK**

**PRINCIPAL REGISTER**

GARAGESOCIAL, INC. (DELAWARE CORPORATION)
C/O POSTERNAK BLANKSTEIN & LUND LLP
800 BOYLSTON STREET
BOSTON, MA 02199

FOR: PROVIDING AN ON-LINE FORUM FOR USERS TO SHARE VEHICLE-RELATED IN-
FORMATION; PROVIDING AN ONLINE FORUM ALLOWING USERS TO SHARE AND
COMPARE VEHICLE INSURANCE INFORMATION WITH OTHERS; PROVIDING AN ON-
LINE FORUM FOR USERS TO COMMENT ON VEHICLES AND VEHICLE DEALERSHIPS,
IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 3-0-2014; IN COMMERCE 3-0-2014.

FOR: PROVIDING A SOCIAL NETWORKING WEBSITE FOR AUTOMOBILE ENTHUSIASTS
FEATURING TECHNOLOGY THAT ALLOWS USERS TO INTERACT BASED ON USER
VEHICLE INFORMATION AND ACCESS A COMPUTER DATABASE INCLUDING USER
PROFILES AND USER VEHICLE INFORMATION, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 3-0-2014; IN COMMERCE 3-0-2014.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-875,331, FILED 3-13-2013.

LINDA LAVACHE, EXAMINING ATTORNEY



Michelle K. Lee
Director of the United States
Patent and Trademark Office

PTO Form 1553 (Rev 9/2005)
OMB No. 0651-0054 (Exp. 10/31/2017)

## Trademark/Service Mark Statement of Use
## (15 U.S.C. Section 1051(d))

**The table below presents the data as entered.**

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 85875331 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 106 |
| **EXTENSION OF USE** | NO |
| **MARK SECTION** | |
| **MARK** | http://tmng-al.uspto.gov/resting2/api/img/85875331/large |
| **LITERAL ELEMENT** | GARAGESOCIAL |
| **STANDARD CHARACTERS** | YES |
| **USPTO-GENERATED IMAGE** | YES |
| **MARK STATEMENT** | The mark consists of standard characters, without claim to any particular font style, size or color. |
| **OWNER SECTION** | |
| **NAME** | GARAGESOCIAL, INC. |
| **INTERNAL ADDRESS** | 800 BOYLSTON STREET |
| **STREET** | C/O POSTERNAK BLANKSTEIN & LUND LLP |
| **CITY** | BOSTON |
| **STATE** | Massachusetts |
| **ZIP/POSTAL CODE** | 02199 |
| **COUNTRY** | United States |
| **GOODS AND/OR SERVICES SECTION** | |
| **INTERNATIONAL CLASS** | 038 |
| **CURRENT IDENTIFICATION** | Providing an on-line forum for users to share vehicle-related information; providing an online forum allowing users to share and compare vehicle insurance information with others; providing an on-line forum for users to comment on vehicles and vehicle dealerships; providing an on-line forum allowing users to rent vehicles to others |
| **GOODS OR SERVICES DELETED FROM THE APPLICATION** | providing an on-line forum allowing users to rent vehicles to others |
| **GOODS OR SERVICES IN USE IN COMMERCE** | Providing an on-line forum for users to share vehicle-related information; providing an online forum allowing users to share and compare vehicle insurance information with others; providing an on-line forum for users to comment on vehicles and vehicle dealerships |
| **FIRST USE ANYWHERE DATE** | 03/00/2014 |
| **FIRST USE IN COMMERCE DATE** | 03/00/2014 |
| **SPECIMEN FILE NAME(S)** | \\TICRS\EXPORT16\IMAGEOUT 16\858\753\85875331\xml18 |

| | |
|---|---|
| | \SOU0002.JPG |
| | \\TICRS\EXPORT16\IMAGEOUT 16\858\753\85875331\xml18\SOU0003.JPG |
| | \\TICRS\EXPORT16\IMAGEOUT 16\858\753\85875331\xml18\SOU0004.JPG |
| SPECIMEN DESCRIPTION | screenshots of Applicant's website displaying the mark in connection with the services |
| INTERNATIONAL CLASS | 042 |
| CURRENT IDENTIFICATION | Providing a social networking website for automobile enthusiasts featuring technology that allows users to interact based on user vehicle information and access a computer database including user profiles and user vehicle information |
| GOODS OR SERVICES | KEEP ALL LISTED |
| FIRST USE ANYWHERE DATE | 03/00/2014 |
| FIRST USE IN COMMERCE DATE | 03/00/2014 |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT16\IMAGEOUT 16\858\753\85875331\xml18\SOU0005.JPG |
| | \\TICRS\EXPORT16\IMAGEOUT 16\858\753\85875331\xml18\SOU0006.JPG |
| | \\TICRS\EXPORT16\IMAGEOUT 16\858\753\85875331\xml18\SOU0007.JPG |
| SPECIMEN DESCRIPTION | screenshots of Applicant's website displaying the mark in connection with the services |
| REQUEST TO DIVIDE | NO |
| **PAYMENT SECTION** | |
| NUMBER OF CLASSES IN USE | 2 |
| SUBTOTAL AMOUNT [ALLEGATION OF USE FEE] | 200 |
| TOTAL AMOUNT | 200 |
| **SIGNATURE SECTION** | |
| DECLARATION SIGNATURE | /mr/ |
| SIGNATORY'S NAME | Maxime Rassi |
| SIGNATORY'S POSITION | President |
| DATE SIGNED | 11/24/2015 |
| SIGNATORY'S PHONE NUMBER | 000-000-0000 |
| **FILING INFORMATION** | |
| SUBMIT DATE | Tue Nov 24 11:39:33 EST 2015 |
| TEAS STAMP | USPTO/SOU-XX.XXX.XX.XX-20 15112411393265175-858753 31-5408bc47aae1373941fc1f 605ea07e6849cc92d084b07d5 e66df6348bd503c398d-CC-10 980-20151123161033296594 |

**EXHIBIT C**

# United States of America

## United States Patent and Trademark Office

# HAGERTY GARAGE + SOCIAL

**Reg. No. 6,487,271**

**Registered Sep. 14, 2021**

**Int. Cl.: 35, 39**

**Service Mark**

**Principal Register**

The Hagerty Group, LLC  (DELAWARE LIMITED LIABILITY COMPANY)
141 River's Edge Drive
Suite 200
Traverse City, MICHIGAN 49684

CLASS 35: Club services, namely, promoting the interests of motor vehicle collectors

FIRST USE 5-5-2020; IN COMMERCE 5-5-2020

CLASS 39: Providing vehicle storage facilities, namely, providing vehicle parking space and vehicle storage space

FIRST USE 5-5-2020; IN COMMERCE 5-5-2020

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF U.S. REG. NO. 2814153, 3724455, 4892318

No claim is made to the exclusive right to use the following apart from the mark as shown: "GARAGE + SOCIAL"

SEC.2(F)

SER. NO. 88-841,571, FILED 03-20-2020



Performing the Functions and Duties of the
Under Secretary of Commerce for Intellectual Property and
Director of the United States Patent and Trademark Office



---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence Address and Change of Owner  Address Forms available at** http://www.uspto.gov.